UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| BRENDA RAMEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: _____ |
| | ) |
| PIKEVILLE MEDICAL CENTER, INC. | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Pikeville Medical Center, Inc. (hereinafter "PMC"), by and through its undersigned counsel, with reservation of all rights, hereby removes this action styled, *Brenda Ramey vs. Pikeville Medical Center, Inc.*, Civil Action No. 14-CI-01048, from the Circuit Court of Pike County, Kentucky, Division No. II, to the United States District Court for the Eastern District of Kentucky, Pikeville Division.

As explained below, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 *et. seq*. Complete diversity of citizenship exists between the Plaintiff and the Defendant, and it is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**I. THE STATE COURT ACTION**

1.  Plaintiff commenced this action by filing a complaint (the "Complaint") alleging claims of medical negligence on or about September 23, 2014 in the Commonwealth of Kentucky, Pike Circuit Court, Division No. II, which was docketed as Civil Action No. 14-CI-01048.

2. Plaintiff's Complaint against Defendant alleges claims of medical negligence against PMC regarding medical care and treatment that the Plaintiff received during her inpatient admission at PMC from September 25, 2013 to September 29, 2013 for surgery on her right knee.

3. In her Complaint, Plaintiff specifically alleges at numerical paragraph 4 thereof that, "In between the conclusion of the surgery on September 25, 2013 and the discharge on September 29, 2013, the Plaintiff, Brenda Ramey developed a serious and significant injury to her right calf, which is believed to be a Mechanical Pressure Ulcer caused by an apparent failure of the nursing and/or nurse aid staff of PMC to evaluate, assess and treat the post-operative edema of her right calf, and its effect on the 'Ted Hose' or other hosiery placed on her right calf post operatively, which failure, whether of a medical or medical supportive nature resulted in a serious, painful and permanent disfigurement."

4. Plaintiff alleges in her Complaint at numerical paragraph 6 thereof that the alleged negligence and carelessness of the Defendant was a substantial factor in causing injury to her, including, but not necessarily limited to, extreme pain and suffering, mental anguish, disability and disfigurement.

5. Plaintiff further alleges in her Complaint at numerical paragraph 7 thereof that the Defendant's alleged negligence was a substantial factor in causing the following damages to the Plaintiff:

    a. The Plaintiff, Brenda Ramey, was caused to incur and expend sums of money for medical expenses and hospital expenses, all in a sum to be determined by a jury sitting in a trial of these proceedings, but in a sum sufficient to confer jurisdiction on this Court;

    b. The Plaintiff, Brenda Ramey, will be caused to incur and expend sums of money for medical expenses and hospital expenses in the future, all in a

   sum to be determined by a jury sitting in a trial of these proceedings, but in a sum sufficient to confer jurisdiction on this Court;

 c. The Plaintiff, Brenda Ramey, was caused to experience mental and physical pain and suffering and mental anguish, including but not limited, extreme pain and suffering, mental anguish, disability and disfigurement, all to her damage, all in a sum to be determined by a jury sitting in the trial of these proceedings, but in a sum sufficient to confer jurisdiction on this Court.

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. The Pike Circuit Court is located within the United States District Court for the Eastern District of Kentucky, and therefore venue is proper in this Court pursuant to 28 U.S.C. §§ 97(a) and 1441(a) because it is the "district and division embracing the place where such action is pending."

7. Plaintiff served a copy of the Complaint and summons upon the Defendant via hand-delivery by the Pike County Kentucky Sheriff upon the Defendant's Registered Agent for Service of Process, Pamela T. May, Esq., on September 26, 2014.

8. PMC timely filed its Answer to the Plaintiff's Complaint in the Commonwealth of Kentucky, Pike Circuit Court, Division No. II, Civil Action No. 14-CI-01048 on October 16, 2014.

9. No other pleadings or papers have been filed in this litigation.

10. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal must be filed within thirty (30) days of service of the Complaint and summons upon PMC. Since PMC is filing this Notice on October 24, 2014, removal is timely.

11. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant, which papers include the summons, Complaint and Answer to the Complaint, is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of

Removal is being served upon counsel for the Plaintiff, and a copy is being filed with the Clerk of the Commonwealth of Kentucky, Pike Circuit Court.

12. By filing a Notice of Removal in this matter, PMC does not waive its rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and PMC specifically reserves its rights to assert any defenses and/or objections to which they may be entitled.

13. As shown below, this case is removable to federal court based upon diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

### III.  REMOVAL IS PROPER IN THIS CASE.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

#### A.  **Complete Diversity of Citizenship Exists Between the Parties**

15. Complete diversity of citizenship exists as between the Plaintiff and the Defendant.

16. Plaintiff is a resident, and upon information and belief, a citizen of the Commonwealth of Virginia. (Complaint ¶ 1.)

17. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant is, and was at the time Plaintiff commenced this action, a citizen of the Commonwealth of Kentucky because it is incorporated in and has its principal place of business in the Commonwealth of Kentucky.

18. Accordingly, complete diversity of citizenship exists between these parties.

4

## B. The Amount In Controversy Requirement Is Satisfied.

19. Pursuant to 28 U.S.C. § 1446(c)(2)(B), the amount in controversy requirement is met if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.[1] *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). It is facially evident that Plaintiff has placed an amount in excess of $75,000.00, exclusive of interest and costs, at issue.

20. Plaintiff alleges that because of negligence of the Defendant, she developed a serious and significant injury to her right calf, which is believed to be a Mechanical Pressure Ulcer, which resulted in a serious, painful and permanent disfigurement. (Complaint ¶ 4.) Plaintiff alleges that she suffered injury, including but not limited to, extreme pain and suffering, mental anguish, disability and disfigurement. (Complaint ¶ 6). Plaintiff further alleges that she was caused to incur medical and hospital expenses, both past and in the future, as well as past mental and physical pain and suffering, mental anguish, including but not limited to, extreme pain and suffering, mental anguish, disability and disfigurement. (Complaint ¶ 7.)

21. Based upon the nature of the alleged injuries and the allegations of past and future medical bills, physical and mental pain and suffering, disability and disfigurement, it is facially evident from the allegations of the Complaint that Plaintiff seeks in excess of $75,000.00, and that the amount in controversy under 28 U.S.C. § 1332 is therefore satisfied.

---

[1] The preponderance of the evidence standard was recently announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id*. at 16.

22.     By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available under state or federal law.  Defendant expressly reserves the right to move for dismiss of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

23.     If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

WHEREFORE, the Defendant, Pikeville Medical Center, Inc., gives notice that the matter bearing Civil Action No. 14-CI-01048, in the Pike Circuit Court, Division No. II, is removed to this Court pursuant to 28 U.S.C. § 1441.

This the 24th day of October, 2014.

Respectfully submitted,

**PAM MAY LAW FIRM, P.S.C.**
127 Park Street
P.O. Box 1439
Pikeville, Kentucky  41502
Telephone:  (606) 432-0400
Telefax:     (606) 432-9139


/s/ P. Kevin Hackworth
PAMELA T. MAY
P. KEVIN HACKWORTH
ptmay@pammaylaw.com
pkhackworth@pammaylaw.com
*Counsel for Defendant,*
*Pikeville Medical Center, Inc.*

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have filed the foregoing with the Clerk of the Court by using the CM/ECF system on October 24, 2014. I also certify that a true and correct copy of the same was sent via First-Class United States Mail, postage-prepaid, and via electronic mail to the following counsel of record:

Miller Kent Carter, Esq.
CARTER & LUCAS, PLLC
P.O. Box 852
Pikeville, Kentucky 41502
KCarter@carterandlucas.com
*Counsel for Plaintiff*

This the 24th day of October, 2014.                /s/ P. Kevin Hackworth
                                                             PAMELA T. MAY
                                                             P. KEVIN HACKWORTH