COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION NO. _71_

ACTION NO.: 14-CI-01048

**BRENDA RAMEY**                        **PLAINTIFF**

V.                      **CIVIL SUMMONS**

**PIKEVILLE MEDICAL CENTER, INC.**        **DEFENDANT**

Serve:    Pikeville Medical Center
<u>Via Certified Mail to Process Agent:</u>
Pamela Todd May
127 Park Street
Pikeville, Kentucky 41501

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANTS:

    You are hereby notified that a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this summons. Unless a written defense is made by you or by an attorney in your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding such relief against you or his (their) attorney(s) are shown on the document delivered to you with this summons.

Date: 9-23-14                    Clerk: _____
                                       By: _____ D.C.

**PROOF OF SERVICE**

This summons was served by delivering a true copy and the Complaint (or other initiating document) to:
_____.

This _____ day of _____, 2014.

                           Served By: _____

**EXHIBIT A**

RECEIVED SEP 26 2014

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION NO. _____II_____

ACTION NO.: 14-CI-__01048__

**BRENDA RAMEY**             **PLAINTIFF**

V.         **CIVIL SUMMONS**

**PIKEVILLE MEDICAL CENTER, INC.**        **DEFENDANT**

Serve:    Pikeville Medical Center
<u>Via Certified Mail to Process Agent:</u>
Pamela Todd May
127 Park Street
Pikeville, Kentucky 41501

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this summons. Unless a written defense is made by you or by an attorney in your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his (their) attorney(s) are shown on the document delivered to you with this summons.

Date: __9-23-14__      Clerk: _____
                                        By: _____ D.C.

**PROOF OF SERVICE**

This summons was served by delivering a true copy and the Complaint (or other initiating document) to:
_____.

This _____ day of _____, 2014.

                         Served By: _____

# EXHIBIT A

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION NO. ___ II

ACTION NO.: 14-CI- 01048

**BRENDA RAMEY**                          **PLAINTIFF**

V.

## COMPLAINT

**PIKEVILLE MEDICAL CENTER, INC.**            **DEFENDANT**

Serve Certified Mail:

Pamela Todd May, Process Agent
127 Park Street
Pikeville, KY 41501



FILED
ANNA PINSON SPEARS
SEP 23 2014
PIKE CIRCUIT/DISTRICT COURT
BY: _____ D.C.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now the Plaintiff, Brenda Ramey, and for her cause of action states:

1. The Plaintiff, Brenda Ramey is a citizen and resident of Virginia and has been at all relevant times herein.

2. The Defendant Pikeville Medical Center, Inc. (hereinafter "PMC") is a corporation organized and existing under the laws of the Commonwealth of Kentucky and at all times incident hereto, "PMC" by and through its agents, servants and employees was providing hospital, medical, clinical, nursing, nurse aide, physician, rehabilitation and/or other services, of a medical and medical supportive nature to the general public, including the Plaintiff, Brenda Ramey. PMC may be served with process herein as indicated in the caption.

1

EXHIBIT A

3. The Plaintiff, Brenda Ramey, was a patient of "PMC" from on or about September 25, 2013 through September 29, 2013 at which place and time the Plaintiff, Brenda Ramey, was rendered medical and medical supportive nursing services, medical and medical supportive nurse aide services and otherwise rendered medical and medical supportive services, generally.

4. The Plaintiff, Brenda Ramey presented to PMC on September 25, 2013 for the purpose of a right knee replacement by Dr. Kevin Pugh, which in fact occurred on September 25, 2013. The Plaintiff, Brenda Ramey was then admitted to PMC for observation and brief rehabilitation. She was ultimately discharged by "transfer" on September 29, 2013. In between the conclusion of the surgery on September 25, 2013 and the discharge on September 29, 2013 the Plaintiff, Brenda Ramey developed a serious and significant injury to her right calf, which is believed to be a Mechanical Pressure Ulcer caused by an apparent failure of the nursing and/or nurse aid staff of PMC to evaluate, assess and treat the post-operative edema of her right calf, and its effect on the "Ted Hose' or other hosiery placed on her right calf post operatively, which failure, whether of a medical or medical supportive nature resulted in a serious, painful and permanent disfigurement.

5. The Plaintiff further alleges that during the relevant period of time complained of herein, The Defendant negligently and carelessly rendered hospital, medical, clinical and nursing/nurse aid type services to the Plaintiff, Brenda Ramey, so as to be a deviation from the accepted standard of hospital, clinical and nursing/nurse aid

EXHIBIT A

care, both medically and medically supportively expected of reasonably competent healthcare providers under the same or similar circumstances.

6. The Plaintiff further alleges that the negligence and carelessness of The Defendant as set forth above and herein from September 25, 2013 through September 29, 2013 and at any other relevant times, was a substantial factor in causing personal injury to the Plaintiff, Brenda Ramey, including, but not necessarily limited to, extreme pain and suffering, mental anguish, disability and disfigurement.

7. Plaintiff furthers state that the negligence and carelessness by The Defendant, as set forth above, was a substantial factor in causing the following damages to the Plaintiff:

   a. The Plaintiff, Brenda Ramey, was caused to incur and expend sums of money for medical expenses and hospital expenses, all in a sum to be determined by a jury sitting in a trial of these proceedings, but in a sum sufficient to confer jurisdiction on this Court;

   b. The Plaintiff, Brenda Ramey, will be caused to incur and expend sums of money for medical expenses and hospital expenses in the future, all in a sum to be determined by a jury sitting in a trial of these proceedings, but in a sum sufficient to confer jurisdiction on this Court;

   c. The Plaintiff, Brenda Ramey, was caused to experience mental and physical pain and suffering and mental anguish, including but not limited, extreme pain and suffering, mental anguish, disability and disfigurement, all to her damage, all in a sum to be determined by a jury sitting in the trial of these proceedings, but in a sum sufficient to confer jurisdiction on this Court.

All as a result of the negligence and carelessness, of The Defendant as heretofore plead.

Wherefore, The Plaintiff, Brenda Ramey does hereby pray for Judgment against the Defendant, Pikeville Medical Center, in sums in excess of the jurisdictional

EXHIBIT A

minimum of this Court, for compensable damages; her costs herein expended; trial by jury, and for all further and proper relief to which she may appear entitled.

Respectfully submitted,

HON. MILLER KENT CARTER
Miller Kent Carter & Michael Lucas, PLLC
P.O. Box 852
Pikeville, KY 41502
(606) 433-1997
kcarter@carterandlucas.com

*Counsel for Plaintiff*

EXHIBIT A



COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION NO. II
CIVIL ACTION NO. 14-CI-01048

BRENDA RAMEY            PLAINTIFF

vs.      **DEFENDANT'S ANSWER TO COMPLAINT**

PIKEVILLE MEDICAL CENTER, INC.            DEFENDANT

Comes now the Defendant, Pikeville Medical Center, Inc., by and through counsel, and for its Answer to the Plaintiff's Complaint states as follows:

**FIRST DEFENSE**

The Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can or should be granted, and therefore, the Plaintiff's Complaint should be dismissed.

**SECOND DEFENSE**

1. This Defendant is without sufficient knowledge or information to admit or deny the allegations contained in numerical paragraph 1 of the Plaintiff's Complaint and, therefore, denies the same.

2. With regards to the allegations contained in numerical paragraph 2, the Defendant admits that it is a corporation organized and existing under the laws of the Commonwealth of Kentucky and is licensed by the Commonwealth of Kentucky as a hospital providing hospital services to the general public, including the Plaintiff, and that its Registered Agent for service of process is Pamela Todd May, Esq., 127 Park Street, Pikeville, Kentucky 41501. The remaining allegations contained in numerical paragraph 3 of the Plaintiff's Complaint contain legal conclusions rather than allegations of fact, and that, accordingly, no response is required to same, and this Defendant denies the same.

3. The Defendant admits the allegations contained in numerical paragraph 3 of the Plaintiff's Complaint.

4. With regards to the allegations contained in numerical paragraph 4 of the Plaintiff's Complaint, this Defendant admits the allegations contained in the first two (2) sentences thereof. This Defendant denies each and every remaining allegations contained in numerical paragraph 4 of the Plaintiff's Complaint.

5. The Defendant denies each and every allegation contained in numerical paragraph 5 of the Plaintiff's Complaint.

6. The Defendant denies each and every allegation contained in numerical paragraph 6 of the Plaintiff's Complaint.

7. The Defendant denies each and every allegation contained in numerical paragraph 7 of the Plaintiff's Complaint.

8. Except as specifically admitted herein, this Defendant denies each, every, and all allegations contained in the Plaintiff's Complaint.

### THIRD DEFENSE

That at the time and upon the occasions mentioned in the Complaint, the Plaintiff herself may have been guilty of negligence which negligence was a substantial contributing factor in causing and bringing about the damages complained of herein, if any, and said negligence is either a bar to the Plaintiff's claims or diminishes the Plaintiff's recovery under the doctrine of comparative negligence if this Defendant is adjudged to have any liability to Plaintiff, which is expressly denied herein. Defendant further pleads KRS 411.182 as a defense to this action.

EXHIBIT A

## FOURTH DEFENSE

The Plaintiff's Complaint may be barred by the applicable statute of limitations and the doctrines of waiver, estoppel, and laches, and should accordingly be dismissed and held for naught.

## FIFTH DEFENSE

The damages complained of by the Plaintiff in their Complaint, if any, were caused and brought about by pre-existing, superseding and/or intervening cause or causes out of the control of this Defendant and for which this Defendant is not liable, and this Defendant pleads and relies upon the same as a complete bar to any recovery by Plaintiff against this Defendant herein.

## SIXTH DEFENSE

This Defendant denies that the Plaintiff was damaged but, if so, it was through the actions or omissions of some third party and/or parties, and/or by an intervening and superseding event, over which this Defendant had no control, and by reason thereof, this Defendant pleads and relies upon the same as a complete bar to any recovery by Plaintiff against this Defendant herein. This Defendant is entitled to an apportionment of liability.

## SEVENTH DEFENSE

The Plaintiff may have failed to mitigate her damages as required by Kentucky law.

## EIGHTH DEFENSE

This Defendant reserves the right to assert and plead additional defenses, including affirmative defenses, at such time that discovery reveals the availability and applicability of such defenses.

**WHEREFORE**, the Defendant, Pikeville Medical Center, Inc., by and through counsel, demands as follows:

1. That the Plaintiff's Complaint be dismissed and that Plaintiff take nothing thereby or from;

2. For its costs herein expended, including a reasonable attorney's fee;

3. For trial by jury; and

4. For such other and further relief which the Court may deem just and proper.

This the 16th day of October, 2014.

Respectfully submitted,

**PAM MAY LAW FIRM, P.S.C.**
127 Park Street
P.O. Box 1439
Pikeville, Kentucky 41502
Telephone: (606) 432-0400
Telefax:     (606) 432-9139

PAMELA T. MAY
P. KEVIN HACKWORTH
ptmay@pammaylaw.com
pkhackworth@pammaylaw.com
*Counsel for Defendant,*
*Pikeville Medical Center, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing has been served via First-Class United States Mail, postage prepaid, upon the following:

Miller Kent Carter, Esq.
CARTER & LUCAS, PLLC
P.O. Box 852
Pikeville, Kentucky 41502
*Counsel for Plaintiff*

This the 16th day of October, 2014.

PAMELA T. MAY
P. KEVIN HACKWORTH